UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GERALD G. LITTLE**                                          **CIVIL ACTION**

**VERSUS**                                                    **NO. 15-268**

**CHARLES E. MIZELL, JR., ET AL.**                            **SECTION "B"(1)**

## ORDER AND REASONS

Before the Court is Gerald G. Little's ("Plaintiff" or "Little") "Motion for New Trial." Rec. Doc. 30. Defendants timely filed an opposition memorandum. Rec. Doc. 31. For the reasons discussed below,

**IT IS ORDERED** that the Motion is **DENIED**.

This case arises out of Little's employment with the City of Bogalusa as a sewer treatment operator. Little retired from his employment with the City after an altercation with a colleague over the proper procedure for awarding overtime hours. Following a number of meetings with city officials in which several potential disciplinary actions were discussed, including termination, Little stated that he thought retirement was "in his best interest." However, Little feels that Defendants forced him into retirement. He then filed suit against the City of Bogalusa and Charles Mizell, Jr., asserting violations of the overtime wage requirements of the Fair Labor Standards Act ("FLSA") and Louisiana Statutes Annotated § 23:632, as well as violations of his procedural due process rights. *See* Rec. Doc. 1.

1

The Court previously granted summary judgment in favor of Defendants. Rec. Docs. 28 and 29. In that Order and Reasons, this Court found that Plaintiff could not establish a violation of his procedural due process rights because he had no relevant evidence demonstrating that he was terminated or constructively discharged. Rec. Doc. 28 at 7-10. We also concluded that Plaintiff's opposition memorandum conceded any claims brought under the FLSA by arguing for unpaid overtime wages under the applicable state statutes, which the FLSA would have otherwise preempted. *Id*. at 10-11. Finally, after dismissing all of Plaintiff's federal law claims, this Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims, dismissing them without prejudice to bring in state court. *Id*. at 11-12. Plaintiff then timely filed the present motion for a new trial.

Little maintains "that a new trial should be granted to correct manifest errors and to prevent manifest injustice." Rec. Doc. 30-1 at 1. Plaintiff first argues that the Court erred by improperly assessing his credibility. *Id*. at 2. Further, Plaintiff argues that his procedural due process claim should not have been dismissed because he did not receive pre-deprivation notice or an opportunity to be heard. *Id*. at 3. He claims without any supporting authority that those procedural due process rights were triggered as soon as his colleague reported their confrontation to a supervisor. *Id.* at 4. Finally, Plaintiff contends that this Court

refused to consider evidence that Defendants forced him into retirement. *Id*. at 6-8. Accordingly, he urges the Court to amend its judgment and reset the case for trial.

Defendants' opposition memorandum argues that this Court's ruling was correct because it did not improperly assess Plaintiff's credibility. Rec. Doc. 31 at 1. Defendants further contend that the remainder of Plaintiff's arguments offer no legal grounds supporting a claim of manifest error. *Id*. at 2. Therefore, Defendants urge this Court to deny the motion.

It appears from Plaintiff's motion that he aims to invoke Federal Rule of Civil Procedure 59(e), which permits a party to file a motion to alter or amend a judgment.[1] The language of Rule 59(e) does not set forth specific grounds for relief. However, the Fifth Circuit has identified the primary bases for relief: "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before judgment issued." *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010) (internal alterations and quotation marks omitted) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir.

---

[1] Plaintiff does not specifically invoke any single rule. However, he styles his motion as one for a new trial, a matter which is typically governed by Rule 59(a). However, no trial ever took place in this matter, leading this Court to believe that he intended to invoke Rule 59(e). *See* FED. R. CIV. P. 59.

3

2003)). In exercising its discretion under Rule 59(e), this Court must balance the need for finality with the need to "render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

In this case, Plaintiff seeks to demonstrate that this Court committed a manifest error of law. Plaintiff's motion does not challenge this Court's findings concerning his state law claims or his FLSA claims. *See* Rec. Doc. 30-1. Therefore, the only issue before the Court is whether we committed manifest error in dismissing Plaintiff's procedural due process claims on summary judgment.

As an initial matter, Plaintiff's argument concerning the sufficiency of the pre-retirement procedures afforded him is irrelevant because this Court found no termination or deprivation so as to require constitutionally-adequate predeprivation procedures. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982) ("[I]t has become a truism that '*some* form of hearing' is required before the owner *is finally deprived* of a protected property interest.") (emphasis added); *see also LeBeouf*, 2015 WL 3650797 at *7 (noting that failure to provide the plaintiff with predeprivation procedures would only violate her rights if she was terminated). Little also provides absolutely no legal authority to support his argument that his procedural due process rights were triggered when his supervisor learned of his confrontation with a

4

colleague. Moreover, he did not raise the argument in his initial motion and thus cannot do so here after judgment has issued. *See Rosenblatt,* 607 F.3d at 419. Nor do we find excusable neglect to merit further consideration. Plaintiff's only relevant arguments are those concerning this Court's finding that he failed to present relevant and probative evidence sufficient to raise a genuine issue of fact in support of his constructive discharge claim.

As we previously acknowledged, "[t]o state a § 1983 claim based on termination of employment without affording procedural due process, [the plaintiff] must allege that (1) she has a property interest in her employment sufficient to entitle her to due process protection, and (2) she was terminated without receiving the due process protection to which she was entitled." *Broussard v. Lafayette City-Parish Consol. Gov't*, 45 F. Supp. 3d 553, 568 (W.D. La. 2014) (quoting *LeBeouf v. Manning*, 575 Fed. Appx. 374, 376 (5th Cir. 2014)). *See also McDonald v. City of Corinth, Tex.*, 102 F.3d 152, 155-56 (5th Cir. 1996). Little does not allege that he was terminated. Rather, he argues that the circumstances surrounding his retirement constituted constructive discharge.

"[T]o show constructive discharge, an employee must offer evidence that the employer made the employee's working conditions so intolerable that a *reasonable* employee would feel compelled to resign." *LeBeouf*, 2015 WL 3650797 at 7 (emphasis added). In other

5

words, a constructive discharge occurs when the employer places the employee "between the Scylla of voluntary resignation and the Charybdis of forced termination." *Fowler v. Carrollton Pub. Library*, 799 F.2d 976, 981 (5th Cir. 1985). Additionally, to establish constructive discharge in a procedural due process case, a plaintiff must demonstrate that forced discharge was used to avoid providing constitutionally-adequate pretermination procedures. *See LeBeouf*, 2015 WL 3650797 at 7 (citing *Fowler*, 799 F.2d at 981).

First, Plaintiff concedes that he was not placed between the "Scylla of voluntary resignation and the Charybdis of forced termination." In his opposition, Little explicitly admits that discipline was a "moving target," meaning forced termination was not his only alternative at the time he chose to retire. Rec. Doc. 30-1 at 4-6. He acknowledges that a minor three-day suspension was still a possibility. Rec. Doc. 30-1 at 6. This was not an either/or situation in which Plaintiff was forced to pick between termination or retirement. *Fowler*, 799 F.2d at 981.

Also, Plaintiff now claims for the first time that the Defendants' conduct constituted badgering, harassment, and/or humiliation, making his working conditions so intolerable that he felt compelled to retire. Specifically, he argues that "[t]he circumstantial evidence that the City did not actually put any of its threats (three-day suspension, termination, 90 days lay-off)

6

in writing meant that the City intentionally subjected the plaintiff to a great deal of anxiety about the status of his employment and thereby maneuvered plaintiff toward the only palatable alternative-retirement." Rec. Doc. 301- at 6-7. While Plaintiff may have felt anxiety about whether he would be able to maintain his employment with the City following his physical altercation with a coworker, Plaintiff does not point to evidence establishing that a reasonable person would have felt compelled to retire.

After being informed that suspension was still a possibility, *see* Rec. Doc. 16-5 at 29-31, 33-34, 36, a reasonable person would have felt that he or she had a third "palatable" option other than retirement or termination—accepting a suspension. A reasonable person would not feel compelled to retire or resign in such a situation. From an objective perspective, Plaintiff had a real alternative to termination or retirement. *See Hargay v. City of Hallandale*, 57 F.3d 1560, 1568 (11th Cir. 1995); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 174 (4th Cir. 1988).[2] Furthermore, none of Defendant's conduct as reflected by

---

[2] Plaintiff also claims that this Court impermissibly assessed his credibility in finding his testimony insufficient to prevent summary judgment. Rec. Doc. 30-1 at 2. This Court previously found Little's claim that he felt compelled to retire to be "subjective, self-serving testimony that is insufficient to prevent summary judgment." Rec. Doc. 28 at 10. However, this Court did not and does not rule on Plaintiff's credibility. Instead, we find that testimony irrelevant, because "the assessment [of] whether real alternatives were offered is gauged by an objective standard rather than by the employee's purely subjective evaluation." *Hargay*, 57 F.3d at 1568.

7

Plaintiff's evidence can fairly be described as harassment, badgering, or humiliation. At worst, objectively speaking, Defendants' conduct constituted indecisive leadership in dealing with alleged employee misconduct. Plaintiff fails to recognize and address the objective standard that governs this inquiry, instead relying once again on purely subjective inferences.

Finally, as we explicitly discussed in the previous Order and Reasons, Plaintiff provided no direct or circumstantial evidence tending to show that Defendants engaged in conduct designed to push Little into retirement for the purpose of avoiding compliance with the constitutional safeguards mandated by *Loudermill*. *See* Rec. Doc. 28 at 9. Now, in an attempt to combat this conclusion, Plaintiff argues that "[o]bviously the City was motivated to avoid any further involvement with the plaintiff so it can be inferred that their motivation included the desire to avoid a *Loudermill* hearing." He cites to no direct or circumstantial evidence in support of this overly conclusory contention. Plaintiff's unsubstantiated and circular argument does nothing to persuade this Court that the evidence is sufficient to raise a genuine issue of fact as to constructive discharge.

To reiterate, the evidence presented by Little shows that the City was in fact willing to sit down with Plaintiff on numerous occasions. There is nothing in the record to suggest that it was or would have been unwilling to hold a subsequent hearing if it

decided later to seek to terminate Little. Little has provided absolutely no evidence tending to show that any of the Defendants' conduct was designed to avoid constitutionally-adequate pretermination procedures. Consequently, he has not demonstrated constructive discharge and his procedural due process claim must fail. *See LeBeouf*, 2015 WL 3650797 at 7.

New Orleans, Louisiana, this 17th day of August, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE